# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLISE BOYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-61-SMY |
| | ) |
| KROGER LIMITED PARTNERSHIP, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Plaintiff Marlise Boyer filed a *pro se* Complaint on January 18, 2019 asserting sexual harassment and retaliation claims under Title VII (Doc. 1). Defendant Kroger Limited Partnership ("Kroger") was served and filed timely filed an Answer on May 31, 2019 (Doc. 15). On August 20, 2019, Boyer failed to appear for a telephonic Rule 26(f) scheduling conference before Magistrate Judge Mark A. Beatty. She also failed to appear for a subsequent telephonic scheduling conference held on September 20, 2019, notice of which was sent to her by certified mail. Boyer did not notify the Court of her inability to attend the conferences and has provided no excuse or explanation for her failure to appear.

Pending before the Court is Defendant Kroger's Motion to Dismiss for Lack of Prosecution (Doc. 24). In the Motion, Kroger asserts that it attempted to contact Boyer on five occasions at her address of record (her email address) and an address gleaned from other litigation, but she failed to respond. On the sixth occasion, Boyer did respond to an email but did not attempt to coordinate the Rule 26(f) conference with Kroger. Boyer has not responded to the Motion or to requests for admission served on August 23, 2019 (Doc. 25).

In light of Boyer's lack of response to the Motion, the undersigned issued an Order to Show

Cause why this case should not be dismissed for failure to prosecute on November 4, 2019 (Doc. 29). The deadline to respond was November 18, 2019. As of the date of this Order, no response has been filed. Instead, Boyer filed a Notice of Settlement Offer, stating that she sent a settlement offer to Defendants on November 19, 2019 (Doc 32).

### Discussion

Federal Rule of Civil Procedure 41(b) provides for the involuntary dismissal of an action for failure to prosecute or to comply with court orders. Under the Rule, an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted). Although there is no requirement of graduated sanctions prior to dismissal, the Court must provide an explicit warning before a case is dismissed. *Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993)).

Dismissal is the most severe sanction that a court may apply; as such, its use must be tempered by a careful exercise of judicial discretion. *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983). In that vein, the Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal order, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents. *Aura Lamp & Lighting Inc.,* 325 F.3d at 908.

A case may also be dismissed under *F.R.C.P.* 37 if a court finds "willfulness, bad faith or fault on the part of the defaulting party." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir.

2011).  However, the sanction of dismissal must be "proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).

Dismissal is clearly warranted in this case.  Boyer failed to appear at two scheduling conferences, despite being provided adequate notice of the same.  She failed to notify the Court of her inability to attend or to provide an excuse regarding her failure to attend.  Boyer also failed to respond to a Motion to Dismiss, which the Court construes as an admission of the merits of the Motion pursuant to Local Rule 7.1.  The Motion outlines Boyer's disinterest in participating in the discovery process which is further evidenced by her failure to respond to Request for Admissions.  Finally, Boyer failed to respond to the undersigned's Order to Show Cause, again demonstrating a willful disregard of this Court's Orders.  On these facts, the Court finds that Boyer's conduct constitutes bad faith and inexcusable delay.

While lesser sanctions may be available, they would be unavailing as Boyer clearly has no interest in actively participating in this case and monetary sanctions would be ineffective given her *in forma pauperis* status.  Accordingly, Kroger's Motion to Dismiss for Lack of Prosecution is **GRANTED** (Doc. 24) and this matter is **DISMISSED with prejudice**.  The Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  December 9, 2019**

**STACI M. YANDLE**
**United States District Judge**