IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARLISE BOYER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-00061-SMY |
| ) | |
| **KROGER LIMITED PARTNERSHIP I** ) | |
| **d/b/a RULER FOODS,** ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE BRIEF IN OPPOSITION TO
PLAINTIFF'S "OBJECTION TO JUDGMENT"**

Defendant Kroger Limited Partnership I, d/b/a Ruler Foods ("Defendant," the "Company," or "Ruler Foods") by and through its undersigned counsel, respectfully submits this Response Brief in opposition to the "Objection to Judgment" filed by Plaintiff Marlise Boyer ("Plaintiff" or "Boyer") on December 23, 2019 (Dkt. No. 38).

**PROCEDURAL BACKGROUND**

On December 9, 2019, this matter was dismissed with prejudice for lack of prosecution. Plaintiff failed to appear at scheduled Court conferences, failed to participate in discovery, failed to respond to Defendant's dispositive motion, and failed to respond to this Court's Order to Show Cause and offer an explanation as to why this matter should be not dismissed for lack of prosecution. Now that her case has been dismissed for lack of prosecution under Fed. R. Civ. P. 41(b), Plaintiff has filed an "objection to judgment" (Dkt. No. 38), along with another "change of address" (Dkt. No. 37) – which, as discussed below, is not a "change" in any sense of the word – in an effort to excuse her complete failure to prosecute this respect. Notably, this is the *second time* Plaintiff has falsely claimed ignorance of the proceedings in her own lawsuit. (*See* Dkt. No. 24, ¶¶ 18-22) (referencing Dkt. 19, at p. 2).

1

Plaintiff has not – and cannot – set forth any credible explanation for her failure to prosecute her case or for her disregard of this Court's Orders. Instead, Plaintiff claims her lack of diligence should be excused because of her purported "lack of notifications" (Dkt. No. 38). In an attempt to manufacture evidence in support of this claim, Plaintiff contemporaneously filed another "Notice of Change of Address" (Dkt. No. 37). But Plaintiff's failure to prosecute this case has *never* been due to any "lack of notifications." Throughout this lawsuit, Defendant has consistently served Plaintiff with timely notice via *multiple means* (certified mail, mail, FedEx, and e-mail) at *multiple addresses* – indeed, the very same addresses she now identifies in her latest "change of address":

| **VIA CERTIFIED MAIL (RETURN RECEIPT REQUESTED):**<br>Marlise Boyer<br>P.O. Box 454<br>Pierron, IL  62273 | **VIA FEDEX:**<br>Marlise Boyer<br>915 Washington St., Apt. 3,<br>Highland, IL  62249 | **VIA E-MAIL:**<br>Marlise Boyer<br>marlisemarie@yahoo.com |
|---|---|---|

Rather, the problem has always been with Ms. Boyer's failure to respond, failure to follow Court Orders, failure to engage in discovery, and failure to provide any justification for her actions.

In her objection, Plaintiff requests that notices be sent to her via multiple means, at multiple addresses: (a) by certified mail to a "primary address"; (b) by regular U.S. mail to a "duplicate address"; and (c) by e-mail. (Dkt. No. 37). But that is exactly what Defendant has done throughout these proceedings. More importantly, the address that Plaintiff has now identified as her "primary address" is the exact same address that is already on file with the Court, *i.e.*, the same address that Plaintiff provided for service when she changed her address the first time. (*See,* Dkt. No. 20). And Plaintiff's "duplicate address" is the same address that was initially on file with the Court when she filed this lawsuit. (*See* Dkt. No. 2). And while Plaintiff has provided a new e-mail address,

she has successfully communicated with Defense counsel throughout this lawsuit using her "marlisemarie@yahoo.com" account.

Ms. Boyer has demonstrated on multiple occasions that she receives communications and documents at the addresses she has already provided, and she simply ignores them.  Sending multiple copies of Court Orders and filings via multiple means to the same addresses to which they have previously been sent will not remedy Plaintiff's disinterest in prosecuting her case, nor will it remedy her willful disregard of this Court's Orders.  Plaintiff's request should be denied, and this matter should remain dismissed with prejudice.

### APPLICABLE LEGAL STANDARD

Plaintiff does not identify the basis upon which her "objection to judgment" is premised, but she is not entitled to reconsideration or any relief from the judgment entered on December 9, 2019.  The party moving for reconsideration bears a heavy burden.  *McKenzie v. City of Chicago*, 968 F.Supp. 1268, 1272 (N.D. Ill. 1997).  This is because a motion for reconsideration performs a valuable, but very limited function "to correct manifest errors of law or fact or to present newly discovered evidence."  *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).  "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."  *Caisse Nationale*, 90 F.3d at 1270.

Further, relief from a final judgment "is an extraordinary remedy that is to be granted only in exceptional circumstances."  *Providen Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995).  The motion must be made "on motion and just terms" and must be specifically based on one of the grounds specifically enumerated in Fed. R. Civ. P. 60.  "[A] district court does not abuse its

discretion by denying a Rule 60(b) motion that is not based on one of the specified grounds for relief." *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014); *see also United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) (explaining that Rule 60(b) motions "must be shaped to the specific grounds for modification or reversal found in 60(b)—they cannot be general pleas for relief").

Plaintiff has not met the "heavy burden" required for reconsideration of this Court's Dismissal Order. Charitably read, her "objection to judgment" tries to lay out an argument for "excusable neglect" – but the procedural background of this case demonstrates her neglect is utterly inexcusable. Plaintiff has not set forth any reason whatsoever that would warrant reconsideration. Accordingly, Plaintiff's "objection to judgment" should be overruled, and this Court's dismissal and judgment should stand.

## DEFENDANT'S RESPONSE ARGUMENT

Plaintiff has failed to set forth any valid basis for reconsideration of the Dismissal Order. Her post-judgment filings, including her newly-filed (second) change of address (Dkt. No. 37), do not provide any new evidence and do not seek to correct any manifest error of law. Instead, Plaintiff merely reasserts her false claim that she "lacked notifications" – an argument that this Court has already rejected – and further *reiterates* that her primary address is the address that is already on file. Plaintiff also provides a "duplicate address" which is exactly the same as the address Plaintiff initially used (before her first change of address). (Dkt. No. 37).

The only new information in her latest change of address is another e-mail address: marliseboyer@gmail.com. (*Id.*). But Plaintiff has filed multiple documents in this case which clearly identify her e-mail address as "marlisemarie@yahoo.com." (*See*, *e.g.*, Dkt. No. 19, pp. 4-5; Dkt. No. 32, p. 3). And Plaintiff has used that exact "yahoo" e-mail address to successfully

4

communicate with Defense counsel throughout this litigation.  (*See, e.g.,* Dkt. No. 24, at Exh. F). Indeed, Defense counsel and Plaintiff have had at least ten (10) e-mail exchanges – successfully sent and received, without a single "bounce-back" error notification – through her "marlisemarie @yahoo.com" address between October 11, 2019 and December 16, 2019.  Those e-mails all dealt with settlement communications, and consequently Defense counsel has not attached them as exhibits.  (*See*, Fed. R. Evid. 408).  Clearly, Plaintiff has no problem receiving e-mails when she believes they may lead to a settlement payout.

Even if Plaintiff had raised grounds that would warrant reconsideration or relief from the judgment – and she did not – Plaintiff's "objection to judgment" fails on the merits.  Defendant provided notice of all filings and service of all pleadings at the addresses Plaintiff has provided (and through several methods), and Plaintiff has simply ignored Defendant's filings and this Court's Orders.  Defendant has gone above what is required by the Federal Rules of Civil Procedure to make contact with Plaintiff regarding discovery matters and to ensure that Plaintiff receives its filings by sending correspondence, filings and notices in this case via regular U.S. mail, certified mail, FedEx, and e-mail.

For instance, Defendant made six (6) attempts to contact Plaintiff regarding the parties' Rule 26(f) obligations.  (*See infra*; *see also* Dkt. Nos. 19, 24).  Five (5) of those attempts went unanswered, and after the sixth (6th) attempt – and only on the day the Rule 26(f) report was due – Plaintiff responded from the exact e-mail address to which Defendant had been writing all along ("marlisemarie@yahoo.com"), to merely acknowledge receipt of the communication, but ***not*** to address the parties' Rule 26 obligations.  (*See id.*).  As a result, Defendant was forced to prepare and submit its Rule 26 report on August 13, 2019, without the benefit of Plaintiff's input.

On August 14, 2019, Plaintiff filed a change of address with the Court, providing that her mailing address was as follows: "Marlise Boyer, 915 Washington #3, Highland, IL 62249" (the "Highland Address"). (Dkt. No. 20).[1] Defendant had already been mailing duplicate copies of filings to the Highland Address, which was in addition to the "Pierron" address that was already on file (and which was also in addition to sending communications to Plaintiff's "Yahoo" e-mail address). (*See* Dkt. 24, at Exhs. C and F).

On August 20, 2019, Plaintiff failed to appear at a telephonic Rule 26(f) scheduling conference before Magistrate Judge Mark A. Beatty, despite having notice of the conference no later than July 27, 2019. (*See* Dkt. No. 24, at Exh. C; *see also* Dkt. No. 29). On August 23, 2019, Defendant served Rule 36 Requests for Admission on Plaintiff in an effort to continue to move the case forward. (Dkt. No. 25). Plaintiff never responded to these requests. That same day, Defendant also filed its Motion to Dismiss for Lack of Prosecution. (Dkt. No. 24). As is her *modus operandi*, Plaintiff failed to respond to Defendant's Rule 36 Requests for Admission, and filed no response to Defendant's Motion to Dismiss.

On September 20, 2019, Defendant appeared at a second telephonic Rule 26(f) conference, but Plaintiff again failed to appear, despite the advance notice given to her at her Highland Address (915 Washington #3, Highland, IL 62249, which was the current address on file) via overnight courier. (Dkt. No. 24, Exh. C, *see also* Dkt. No. 29). It is also worth noting that on October 15, 2019, Defendant served Interrogatories and Requests for Production of Documents on Ms. Boyer (by certified mail to the Highland Address, by regular U.S. mail to the Pierron address, and via e-mail to Plaintiff's "Yahoo" e-mail address). Plaintiff never answered or responded to Defendant's Rule 33 or Rule 34 discovery requests.

---

[1] As set forth above, this is **the exact same address** as the "primary address" Plaintiff provided in her December 23, 2019 change of address, which was filed after the dismissal of this matter. (Dkt. No. 37).

Then, on November 4, 2019, this Court entered an Order to Show Cause why the case should not be dismissed for failure to prosecute. (Dkt. No. 29). In its Order to Show Cause, the Court ordered that Plaintiff file a written response by November 18, 2019. (*Id*.). Plaintiff ignored the Court's Order to Show Cause and instead, on November 22, 2019, filed a document informing the Court that she "sent an initial settlement offer" to Defendant's counsel on November 19, 2019. (Dkt. No. 32). Notably, the certificate of service provides that Plaintiff was using her Pierron address (the same address Plaintiff used when she filed her complaint), and Plaintiff identified her e-mail address as "marlisemarie@yahoo.com" (the same e-mail address to which Defendant had been sending filings since at least July 1, 2019). (*Id*.).

Plaintiff has conclusively established her disinterest in this lawsuit and her abject disregard for this Court's Orders through her conduct:

| DATE | DOCUMENT / EVENT | METHOD(S) OF SERVICE | ADDRESS(ES) | DEADLINE | RESPONSE BY PLAINTIFF | REF. |
|---|---|---|---|---|---|---|
| 6/7/2019 | Rule 26(f) letter to Plaintiff (enclosing Rule 26 sample materials) | Certified Mail | Pierron, IL address | (n/a) | **None** | Ex. A |
| 7/1/2019 | Follow Up Letter to Plaintiff Requesting Availability for Case Management Conference | • FedEx<br>• E-Mail | Pierron, IL address<br>marlisemarie@yahoo.com | (n/a) | **None** | Ex. B |
| 7/16/2019 | Order Setting Scheduling Conference | Service by Court | Pierron, IL address | 7/30/19 | **None** | Dkt. 18 |
| 7/26/2019 | Rule 26(f) letter, enclosing copy of 07/16/19 Order | • Certified Mail<br>• FedEx<br>• E-Mail | Pierron, IL address<br>Highland, IL address<br>marlisemarie@yahoo.com | 7/30/19 | **None** | Ex. C |
| 7/30/2019 | Rule 26(f) correspondence to Plaintiff | E-Mail | marlisemarie@yahoo.com | 7/30/19 | **None** | Ex. D |
| 8/7/2019 | Rule 26(f) letter, enclosing draft Report and proposed Scheduling Order | • Certified Mail<br>• FedEx<br>• E-Mail | Pierron, IL address<br>Highland, IL address<br>marlisemarie@yahoo.com | 8/7/19 | e-mail confirming receipt. of letter | Ex. E-F |

| DATE | DOCUMENT / EVENT | METHOD(S) OF SERVICE | ADDRESS(ES) | DEADLINE | RESPONSE BY PLAINTIFF | REF. |
|---|---|---|---|---|---|---|
| 8/13/2019 | Parties' Joint Rule 26(f) Report | • Certified Mail<br>• FedEx<br>• E-Mail | Pierron, IL address<br>Highland, IL address<br>marlisemarie@yahoo.com | 8/13/19 | **None** | Ex. F |
| 8/20/2019 | Rule 16 Case Management Hearing | • Certified Mail<br>• FedEx<br>• E-Mail | Pierron, IL address<br>Highland, IL address<br>marlisemarie@yahoo.com | 8/20/19 | **None** | Exs. C-E |
| 8/23/2019 | Motion to Dismiss for Lack of Prosecution | U.S. Mail | Highland Address | 9/23/19 | **None** | Ex. G |
| 8/23/2019 | Rule 36 Requests for Admissions | U.S. Mail | Highland Address | 9/23/19 | **None** | Ex. H |
| 9/11/2019 | Parties' Modified Joint Rule 26(f) Report | • Certified Mail<br>• E-Mail | Highland Address<br>marlisemarie@yahoo.com | 9/11/19 | **None** | Ex. I |
| 9/18/2019 | Rule 16 Case Management Hearing | • Certified Mail<br>• FedEx<br>• E-Mail | Pierron, IL address<br>Highland, IL address<br>marlisemarie@yahoo.com | 9/18/19 | **None** | Ex. I |
| 9/20/2019 | Scheduling and Discovery Order | Service by Court | Highland address | Various | **None** | Dkt. 28 |
| 9/23/2019 | Plaintiff's response deadline (Motion to dismiss) | U.S. Mail | Highland Address | 9/23/19 | **None** | Ex. G |
| 9/23/2019 | Plaintiff's response deadline (Rule 36) | U.S. Mail | Highland Address | 9/23/19 | **None** | Ex. H |
| 10/15/2019 | Parties' Deadline to issue discovery | • Certified Mail<br>• E-Mail | Highland Address<br>marlisemarie@yahoo.com | 10/15/19 | **None** | Dkt. 28 |
| 10/15/2019 | Defendant's Rule 33 & 34 discovery requests | • Certified Mail<br>• U.S. Mail<br>• E-Mail | Pierron, IL address<br>Highland, IL address<br>marlisemarie@yahoo.com | 11/14/19 | **None** | Ex. J |
| 11/4/2019 | Show Cause Order | Service by Court | Highland address | 11/18/19 | **None** | Dkt. 29 |
| 11/14/2019 | Plaintiff's response deadline (Rule 33 & 34) | • Certified Mail<br>• U.S. Mail<br>• E-Mail | Pierron, IL address<br>Highland, IL address<br>marlisemarie@yahoo.com | 11/14/19 | **None** | Ex. J |
| 11/18/2019 | Plaintiff's show-cause deadline | Service by Court | Highland address | 11/18/19 | **None** | Dkt. 29 |
| 12/9/2019 | Order Granting Motion to Dismiss | Service by the Court | Highland address | n/a | Plaintiff objects | Dkt. 35 |

Plaintiff has offered no colorable justification for her conspicuous disregard of this Court's Orders, her failure to prosecute her lawsuit, or for any of her other misconduct in this action. Instead, her regular course of dealing throughout this lawsuit merits but one response: dismissal of her claims with prejudice. In light of the foregoing, the Court's dismissal of this matter was proper and should not be disturbed.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's "objection to judgment" should be denied, and this matter should remain dismissed in accordance with this Court's Order of Dismissal and Judgment (Dkt. Nos. 35-36).

Dated: January 6, 2020

Respectfully submitted,

**KROGER LIMITED PARTNERSHIP I, d/b/a Ruler Foods, Defendant**

*/s/ Christopher S. Griesmeyer*
One of its Attorneys

Christopher S. Griesmeyer (ARDC #6269851)
GREIMAN, ROME & GRIESMEYER, LLC
Two North LaSalle Street, Suite 1601
Chicago, Illinois 60602
(312) 428-2750
cgriesmeyer@grglegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2020, I caused the foregoing **Defendant's Response Brief in Opposition to Plaintiff's "Objection to Judgment"** to be served upon the Plaintiff via electronic mail ("e-mail"), via U.S. Certified Mail (return receipt requested) and via U.S. Mail (postage prepaid) to Plaintiff at each of the following addresses:

| VIA CERTIFIED MAIL (RETURN RECEIPT REQUESTED) | VIA U.S. MAIL | VIA E-MAIL |
|---|---|---|
| Marlise Boyer<br>915 Washington St., #3,<br>Highland, IL  62249 | Marlise Boyer<br>P.O. Box 454<br>Pierron, IL  62273 | Marlise Boyer<br>marlisemarie@yahoo.com<br>marliseboyer@gmail.com |

*/s/ Christopher S. Griesmeyer*
Christopher S. Griesmeyer
(ARDC #6269851)
GREIMAN, ROME & GRIESMEYER, LLC
Two North LaSalle Street, Suite 1601
Chicago, Illinois 60602
Bus: (312) 428-2750
Fax: (312) 332-2781
cgriesmeyer@grglegal.com