IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARLISE BOYER,** *pro se* | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 19-CV-61-SMY |
| | ) |
| **KROGER LIMITED PARTNERSHIP,** | ) |
| | ) |
| **Defendant.** | ) |

# ORDER

**YANDLE, District Judge:**

This case was dismissed with prejudice on December 9, 2019 for Plaintiff's failure to prosecute. (Doc. 35). Specifically, Plaintiff Marlise Boyer's failed to appear at two scheduling conferences, failed to respond to a motion to dismiss, failed to respond to discovery, and failed to respond to the Court's orders. Now pending before the Court are Boyer's Objection to Judgment (Doc. 38) and Motion for Reconsideration (Doc. 40).

A motion filed after judgment has been entered can be analyzed either under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Where a substantive motion is filed within twenty-eight (28) days of entry of judgment or order, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed pursuant to Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Here, Plaintiff's Objection to Judgment was filed within 28 days of judgment and Motion for Reconsideration was filed more than 28 days after judgment. Therefore, the Court will analyze them consistent with the standards set forth in Rule 59(e) and 60(b), respectively.

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly

discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)). Rule 60(b)(1) permits a party relief from judgment on several bases including mistake and Rule 60(b)(6) allows for relief for "any other reason justifying relief from the operation of judgment." "'Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).'" *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir. 1986) (quoting *Ben Sager Chemicals International v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Relief under both Rule 59 and Rule 60 is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

In both her Objection to Judgment and Motion for Reconsideration, Boyer claims she was "unable to respond" due to "lack of receiving notification in the past." To support this assertion, she filed a notice of change of address listing two addresses, 915 Washington #3, Highland, IL 62249 and P.O. Box 454, Pierron, IL 62278 and states that she has had problems with her email address. The Court finds Boyer's assertion disingenuous. She merely provides the same addresses that have been on record with the Court since the filing of the Complaint. (Docs. 2 and 20). And, at no point prior to dismissal did Boyer indicate that she has not received filings. As such, Boyer has provided no basis for the extraordinary relief she seeks.

Accordingly, Plaintiff's Objection to Judgment (Doc. 38) and Motion for Reconsideration (Doc. 40) are **DENIED**.

    **IT IS SO ORDERED.**

    **DATED: April 16, 2020**

    **STACI M. YANDLE**
    **United States District Judge**